```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

APRIL ATKINSON,                    :
                                   :
    Plaintiff,                 :
                                   :
    v.                         :        CASE NO. 3:10CV1015(RNC)
                                   :
STATE OF CONNECTICUT DEPT. OF      :
MENTAL HEALTH & ADDICTION          :
SERVICES,                          :
                                   :
    Defendant.                 :


## RULING ON MOTIONS

Pending before the court are the plaintiff's third Motion for Appointed Counsel, doc. #49, and Motion for Reconsideration, doc. #50, of the court's June 1, 2011 order denying the plaintiff's second motion for appointed counsel. (See doc. #38.)

The issue and arguments raised in the two motions are identical. Therefore, although the court denies the motion for reconsideration as untimely under Local Rule 7(c),[1] the court addresses the plaintiff's arguments in connection with her Motion to Appoint Counsel.

---

[1] The plaintiff's Motion for Reconsideration was filed nearly four months after the order denying appointed counsel. Under Local Rule 7(c), motions for reconsideration must be filed within fourteen days of the order from which relief is sought. See, e.g., Jeffreys v. United Technologies Corp., No. 3:97CV01344(DJS), 2008 WL 4371973 (D. Conn. Sept. 24, 2008) (denying reconsideration where pro se litigant filed motion three months late).

A party in a civil case is not entitled to appointment of a free lawyer on request. See Cooper v. A. Sargenti Co., 877 F.2d 170 (2d Cir. 1989). The Second Circuit repeatedly has cautioned the district courts against the routine appointment of counsel. See, e.g., Hendricks v. Coughlin, 114 F.3d 390, 393 (2d Cir. 1997); Cooper, 877 F.2d at 172. It has made clear that before an appointment is even considered, the indigent person must demonstrate that he is unable to obtain counsel. Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986), cert. denied, 502 U.S. 996 (1991). Because volunteer-lawyer time is in short supply, a plaintiff seeking appointment of a free lawyer must also demonstrate that his or her complaint passes the test of "likely merit." See Cooper, 877 F.2d at 173. This standard requires a plaintiff to show that the claims in the complaint have a sufficient basis to justify appointing a volunteer lawyer to pursue them.

The plaintiff states that she has "no idea as to why I am constantly being denied legal representation." (Doc. #49 at 1.) The court indicated on two prior occasions, see docs. #38 and #14, that it was unable to determine the likely merit of the plaintiff's case based on the submissions attached to the plaintiff's complaint. The plaintiff's third motion to appoint counsel reiterates the plaintiff's allegations of unfair

treatment but does not provide any new information on which the court could base a finding of likely legal merit.

The plaintiff's Motion for Appointed Counsel is therefore DENIED without prejudice.

SO ORDERED at Hartford, Connecticut this 11th day of October, 2011.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge